**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALLAN NIELSEN § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CASE NO. 4:13-CV-385 |
| § | | |
| COMMUNICATIONS COMPONENTS, INC. § | | |
| § | | |
| *Defendant.* § | | |

# ORDER ADOPTING REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

On September 13, 2013, the United States Magistrate Judge issued his report and recommendation [Doc. #15], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Plaintiff's Motion to Remand [Doc. #8] be granted.

Defendant filed its objections to the report and recommendation on September 27, 2013 [Doc. #16]. Plaintiff filed his response on October 7, 2013 [Doc. #17]. Defendant filed its reply on October 8, 2013 [Doc. #18]. The Magistrate Judge concluded that, at the time of removal, the amount in controversy was not facially apparent from the face of the plaintiff's petition [Doc. #15 at 4]. The plaintiff's petition states that "Plaintiff seeks damages in an amount of $100,000 or less." *Id*. at 3. The Magistrate Judge found that this statement of the amount in controversy is ambiguous. *Id*. at 4. The Magistrate Judge also noted that this statement indicated that the amount in controversy could be less than $75,000 and could be more than $75,000. *Id*. The Magistrate Judge determined that Plaintiff was seeking lost commissions, and that there was

1

insufficient information in the petition that would allow the Court to calculate the possible damages. *Id*.

The Magistrate Judge also concluded that the defendant did not demonstrate by summary judgment type evidence that the amount in controversy was more than $75,000. The Magistrate Judge explained that the only evidence offered by the defendant indicates that the amount in controversy may very well be way below the $75,000 jurisdictional requirement. *Id*. at 5.

Defendant first objection is that the Magistrate Judge applied an incorrect standard when he stated that Plaintiff's statement of damages "does not mean that damages will likely exceed $75,000" [Doc. #16 at 4]. Defendant contends that the appropriate standard is whether the plaintiff "put at issue an amount greater than $75,000 in the course of this litigation," by seeking damages with an upper limit of $100,000. This appears to be a standard taken from Ninth and Tenth Circuit cases.

The Magistrate Judge appropriately cited a Fifth Circuit case for the rule that in this circuit, where the petition does not have a specific monetary demand, Defendant has the burden of establishing, by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002). Defendant meets this requirement if: 1.) it is apparent from the face of the petition that the claims *are likely to exceed $75,000*; or 2.) the defendant provides summary judgment type evidence of facts in controversy that support a finding of the requisite amount. 276 F. 3d at 723. (Emphasis added)

The Magistrate Judge correctly concluded that the petition was ambiguous. The Petition merely recites that damages will be less than the maximum damage limit set by Texas law. . "Less than" is not a term denoting a specific monetary demand that exceeds $75,000. It is not

apparent from the face of the petition that the claims are likely to exceed $75,000. Defendant's first objection is overruled.

Defendant next objects to the failure of the Magistrate Judge to address its argument that Plaintiff's affidavit supports a finding that Plaintiff put an amount that exceeds $75,000 into controversy [Doc. #16 at 4]. Plaintiff's remand affidavit states "the damages [Plaintiff] seek[s] do not exceed $75,000 exclusive of interest and costs" [Doc. #8, Ex. A]. That does not help Defendant establish that damages exclusive of interest and costs *exceed* $75,000. Defendant's continued arguments about what various requests for alternative possible forms of relief in Plaintiff's ambiguous petition, or in the affidavit, might mean, do nothing to show that it is "apparent from the face of the petition that the claims are likely to exceed $75,000."

Defendants did provide some summary judgment type evidence, in the form of an affidavit with an email from Plaintiff complaining about a discrepancy of $3,500 and "several thousand dollars of commission in question." It is understandable that at this early stage Defendants do not want to admit that more than $75,000 in commissions was wrongfully withheld or are otherwise in dispute. But they have the burden; $3,500 plus "several thousand" does not come close to the jurisdiction limit, even if punitive damages and attorney fees reasonably related to such a small sum are added. Defendant's second objection is also overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the defendant's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #15] is hereby adopted, and Plaintiff's Motion to Remand [Doc. #8] is **GRANTED.**

So **ORDERED** and **SIGNED** this **2** day of **December, 2013.**

_____
Ron Clark, United States District Judge